IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAULA JOHNSON,                             )
                                           )
                    Plaintiff,             )
                                           )
vs.                                        )        Case No. 09-cv-1031-MJR-DGW
                                           )
JOHN L. WODATCH and                        )
SONNY PIETRAFESA,                          )
                                           )
                    Defendants.            )

<u>MEMORANDUM AND ORDER</u>

Reagan, District Judge:

On November 19, 2009, Paula Johnson filed a pro se complaint in the United States District Court for the District of Columbia, naming as Defendants two attorneys at the United States Department of Justice – (1) John Wodatch, and (2) Sonny Pietrafesa. The District of Columbia federal court transferred the case to this District, where the complaint was docketed on December 11, 2009, along with Plaintiff Johnson's motion for leave to proceed in forma pauperis.

By granting a motion for pauper status, a federal district court authorizes a lawsuit to proceed without *prepayment* of fees.  ***See* 28 U.S.C. 1915(a)(1)("any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees").**  Before the court can grant pauper status, however, it must carefully screen the complaint filed by the plaintiff.  Indeed, § 1915(e)(2) *requires* federal courts to *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief.

So resolution of Paula Johnson's motion for pauper status requires the undersigned Judge to closely review the allegations of Johnson's complaint.

That task is complicated by the fact the complaint contains scattershot allegations, intermingles the terms "defendants" and "respondents," and confusingly references multiple other lawsuits and arbitration proceedings.  The best the Court can glean, Johnson alleges here that Wodatch and Piatrafesa, lawyers with the Department of Justice,[1] retaliated against her or *allowed* retaliation against her by furnishing incorrect information to her and misrepresenting the facts of a separate case or matter, although it is unclear *which* separate case or matter.

First, the instant complaint discusses a federal lawsuit filed under the Americans with Disabilities Act (ADA).  Johnson refers to this as her "ADA complaint ... against the respondents St. Clair County Arbitration Center ... located across the street from the St. Clair County [Illinois] Courthouse" (Complaint, Doc. 1, p. 3).

Second, the instant complaint refers to a property damage claim filed in the Arbitration Court of St. Clair County (No. 08-AR-1072), arising from damages to Johnson's residential property via a bulldozer operated by employees of the City of East St. Louis, Illinois.  Johnson states that, after 13 years of litigation, East St. Louis was ordered to pay her $2846 on the property damage claim in October 2006, and since then she has "lived in fear" of (and experienced harassment and threats from) the City of East St. Louis. But neither the City nor any City employee is named as a Defendant herein.

---

[1]     The Justice Department website identifies John Wodatch as Chief of the Disability Rights Section of the Civil Rights Division of the Department of Justice (DOJ) and Sonny Pietrafesa as a trial attorney with the Housing and Civil Enforcement Section of the Civil Rights Division of the DOJ.

Page 2 of  6

Third, the instant complaint criticizes several Judges hearing cases in the St. Clair County Arbitration Center.  For example, Johnson pleads that Judge Rice "has refused to enter any rulings on the last Hearing held March 31, 2009" and either lost or destroyed a case file, which constitutes "a Class 4 Felony" as well as "a violation of the Local Records Act" and other Illinois laws (Doc. 1, pp. 4-5).  Johnson notes that her "in-person ex- parte" attempts to confront Judge Rice about this matter have been unfruitful (Doc. 1, p. 5).  She offers certified mail copies of written inquiries to Judge Rice which similarly produced "no results" (id.).  But neither Judge Rice nor any other Judge sitting in the "Arbitration Court" is named as a Defendant herein.[2]

The record is muddled (at best) as to Wodatch and Piatrafesa's role in the property damage lawsuit, the arbitration proceeding, or the ADA "complaint"/investigation. Johnson suggests that Wodatch and Piatrafesa were investigating the City of East St. Louis for ADA violations, knew of Johnson's past property damage lawsuit against the City, knew the City had a history of "malicious violent politically corrupt conduct against Paula Johnson," and (armed with all this knowledge) participated in "misrepresentations on the processing of an ADA Complaint" and "obstruct[ing] the proceedings of a Lawsuit filed with respondents" (Doc. 1, pp. 4-6).  Connecting widespread dots liberally, the Court believes Johnson accuses the two DOJ attorneys of making misrepresentations that somehow permitted the City or its employees to harass Johnson or impede an investigation.

---

[2]     Johnson does have a separate federal lawsuit, filed one week before the instant lawsuit, pending in the Southern District of Illinois before the Honorable J. Phil Gilbert, 09-cv-1009, and that lawsuit *does* appear to be directed against a St. Clair County Judge who presides over arbitration proceedings at the St. Clair County Arbitration Center.

Johnson asks that the two DOJ lawyers be held liable for (and enjoined in the future from) letting municipal employees (in East St. Louis) or presiding judges (in St. Clair County) refuse to process police reports, refuse to interview witnesses, and obstruct some other separate lawsuit (again, it is unclear which one), because this violates the anti-retaliation provisions of the ADA.  But no one listed in the complaint – and certainly neither of the attorneys named as Defendants – was or is Johnson's *employer*, so as to be prohibited from discriminatory or retaliatory acts against her under the ADA.

Stated simply, the complaint does not survive review under 28 U.S.C. 1915. Johnson's allegation of poverty is well-supported, as evidenced by the affidavit she supplied.  But even assuming *arguendo* that the action is not frivolous, this action fails under the remaining prongs of § 1915(e)(2).  Clearly, the complaint fails to state a cause of action upon which relief can be granted.

Dismissal for failure to state a claim is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  ***Bell Atlantic Corp. v. Twombly***, **550 U.S. 544, 570 (2007);** ***EEOC v. Concentra Health Services, Inc.***, **496 F.3d 773, 776 (7ᵗʰ Cir. 2007).**  In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor.  ***St. John's United Church of Christ v. City of Chicago***, **502 F.3d 616, 625 (7ᵗʰ Cir. 2007),** ***cert. denied***, **128 S. Ct. 2431 (2008);** ***Pisciotta v. Old National Bancorp***, **499 F.3d 629 (7ᵗʰ Cir. 2007).**  Additionally, a complaint must give the defendant fair notice of what the suit is about and the ground on which it rests.  ***Swierkiewicz v. Sorema N.A.***, **534 U.S. 506, 512 (2002);** ***Mosely v. Board of Education of City of Chicago***, **434 F.3d**

**527, 533 (7th Cir. 2006).**

A complaint is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).**   By contrast, dismissal is merited if the factual detail in the complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8" of the Federal Rules of Civil Procedure. ***Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC,* 499 F.3d 663, 667 (7th Cir. 2007).**

Johnson's complaint is replete with factual tidbits and details but, however liberally construed, they do not thread together into any coherent claim or combine to suggest a cause of action against the named Defendants.   Johnson's complaint does not "raise a right to relief above the speculative level," provide Defendants adequate notice of the grounds on which the suit rests, or generate "a reasonable expectation that discovery will reveal evidence supporting" Johnson's allegations. ***Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009),** *quoting* ***Twombly*, 550 U.S. at 555-56, and *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). *See also Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009).** Although the subheadings of (and abundant statutory citations in) the instant complaint point toward a suit for retaliation under the ADA, the complaint does not state a claim upon which relief can be granted.

Furthermore, the two Defendants – both sued in their official capacities as agents of the DOJ – may enjoy immunity from the relief sought by Johnson herein (the complaint demands injunctive relief but also indicates that damages are sought).

Finally, the complaint incorrectly references the basis for subject matter jurisdiction.   Johnson invokes the diversity jurisdiction of this Court under 28 U.S.C. 1332(a)(1), *see* Doc. 1, p. 2, but fails to provide the citizenship of the Defendants, so as to support diversity jurisdiction.

As explained above, the best the Court can discern, Johnson's suit is for retaliation under the ADA, and subject matter jurisdiction lies under the federal question statute, 28 U.S.C. 1331.   But the action does not survive threshold scrutiny under 28 U.S.C. 1915(e).   In accord with § 1915(e)(2)(B)(ii), the undersigned Judge must dismiss this action.   Therefore, the Court **DENIES** Johnson's motion to proceed in forma pauperis (Doc. 3) and **DISMISSES** this action without prejudice for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

DATED January 8, 2010.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge