IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cv-1031-MJR-DGW |
| ) | |
| JOHN L. WODATCH and ) | |
| SONNY PIETRAFESA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Reagan, District Judge:

In November 2009, Paula Johnson filed a pro se complaint in the United States District Court for the District of Columbia, naming as Defendants two attorneys at the United States Department of Justice. The District of Columbia Court transferred the case to this District, where it was randomly assigned to the undersigned Judge.

On January 8, 2010, this Court issued an Order denying Johnson's motion for leave to proceed in forma pauperis and dismissing her action without prejudice. The Order explained that before a federal district court can grant pauper status, it must carefully screen the complaint filed by the plaintiff. The federal statute governing that screening -- 28 U.S.C. § 1915(e)(2) – *requires* federal courts to dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief.

In a detailed Order entered January 8, 2010, the undersigned Judge concluded that Johnson's complaint failed to state a claim upon which relief could be granted. Accordingly, the Court dismissed Johnson's action under § 1915(e)(2). Dismissal was without prejudice.

By motion filed January 15, 2010, Johnson seeks reconsideration of the dismissal Order. Johnson's motion is captioned as seeking relief under Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a court to relieve a party from a final judgment or order on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment if void; (5) the judgment has been satisfied, release, discharged or is based on an earlier judgment that has been reversed or vacated; and (6) "any other reason that justifies relief." All Rule 60(b) motions must be made within a reasonable time, and if the motion is based on the first three grounds, it must be made no more than a year after the entry of the judgment or order being challenged.

Johnson's motion was timely filed, but she has demonstrated no basis for relief under Rule 60(b). She identifies no mistake or surprise, presents no new evidence, points to no fraud or misconduct by Defendants, and reveals nothing else bringing her case within the reach of Rule 60(b).

The majority of Johnson's motion restates the same material contained in her complaint – in fact she has reinserted the "counts" from the complaint – and tenders

the precise assertions the Court previously found insufficient to state a claim for relief. For example, Johnson rehashes her allegations that Judge Rice of the St. Clair County (Illinois) Circuit Court refused to enter rulings in Johnson's arbitration proceeding from April 17, 2009 through September 14, 2009, that he "failed to locate" a case file from the St. Clair County Arbitration Center (Johnson suggests that Judge Rice intentionally destroyed the file), and that he thwarted Johnson's repeated efforts to reach him via both certified mail and "in-person ex-parte" contact. What this has to do with the named Defendants remains elusive as ever.

Johnson then inserts several paragraphs describing dates on which Defendant Pietrafesfa, "agent for the U.S. Department of Justice, Civil Rights Division," received various notices and requests from her – for instance, a notification from Johnson regarding "unresolved incidents of criminal property damage" which Johnson contends the local police failed to properly handle. This fails to state a claim under the Americans with Disabilities Act (which the complaint purported to be based upon) or any other federal cause of action the Court can envision; it simply repeats material from Johnson's complaint. The only *new* arguments contained in Johnson's Rule 60(b) motion are (1) her feelings that the undersigned Judge's threshold scrutiny of her case somehow was racist and (2) a vague concern or suspicion that the Court was not sending her copies of pleadings or Orders herein.

Johnson was provided copies of all Orders issued by this Court, and the undersigned Judge's compliance with § 1915(e)'s mandate for threshold screening of the

complaint was neither race-based nor racist.

The law of this Circuit clearly provides that "Rule 60(b) relief is an extraordinary remedy" which can be "granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005), *quoting Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). And a Rule 60(b) motion is not the place "to slip in arguments that should have been made earlier," or to rehash arguments the Court previously rejected. *Id.* Johnson offers arguments this Court already found devoid of merit, and she establishes no basis for entitlement to the extraordinary relief provided by Rule 60(b).

Construed as seeking relief under Rule 59(e),[1] Johnson's motion fares no better. As amended in December 2009, Rule 59(e) authorizes the filing of a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." No judgment was entered herein, just an Order dismissing Johnson's case without prejudice. Using the date that Order was entered, Johnson's motion was timely-filed, but she has shown no basis for Rule 59(e) relief.

The United States Court of Appeals for the Seventh Circuit has recognized three valid grounds supporting grant of a Rule 59(e) motion: (1) newly-discovered

---

[1] The caption is not dispositive as to the characterization of the motion (especially when drafted by a pro se litigant). "Whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.), *cert.* denied, 129 S. Ct. 417 (2008).

evidence, (2) an intervening change in the law, and (3) a manifest error of law or fact. *See, e.g., Obriecht,* 517 F.3d at 494; *Sigsworth v. City of Aurora, Illinois,* 487 F.3d 506, 511-12 (7th Cir. 2007); *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

Last month, the Seventh Circuit reiterated that a motion to alter or amend judgment should be used "to draw the district court's attention to a manifest error or law or fact or to newly discovered evidence." *U.S. v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). The Court emphasized that Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce ... evidence or arguments that could and should have been presented to the district court prior to the judgment." *Id., quoting Bordelon v. Chicago School Reform Board of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000).

In *County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 819 (7th Cir. 2006), Judge Flaum similarly explained that a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could ... have been made before the district court" ruled. *Id., quoting Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996), and *LB Credit Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995).

Manifest error has been defined as "wholesale disregard, misapplication, or failure to recognize controlling precedent" on the part of the court. *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). So Rule 59(e) relief is appropriate where the court seriously misunderstood the facts or refused to apply controlling law.

*See* FEDERAL CIVIL RULES HANDBOOK, BAICKER-MCKEE, JANSSEN AND CORR **(2010), pp. 1133**. Clearly, though, a litigant's disappointment does not constitute manifest error. ***Oto, 224 F.3d at 606.*** Johnson falls far short of satisfying the standard for Rule 59(e) relief. She has identified no controlling precedent which this Court ignored, overlooked or failed to follow, and she has identified no manifest error of fact made by the Court.

For all these reasons, whether construing her motion as seeking relief under Rule 59(e) or Rule 60(b), the Court **DENIES** Johnson's motion (Doc. 8).

IT IS SO ORDERED.

DATED March 10, 2010.

s/ Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge